IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JORGE CORREA,**
**Plaintiff**

v.                                         CIVIL NO. 04-1706(DRD)

**DON SUSO'S FOOD &**
**CATERING SERVICES, et al.,**
**Defendants**

### ORDER

On August 9, 2005, the undersigned issued plaintiff an Order to Show Cause as to why the instant case should not be dismissed as a result of plaintiff's failure to evidence that the defendants were served process pursuant to Rule 4.5 of the Puerto Rico Rules of Civil Procedure, Tit. 32, P.R.LawsAnn. (Docket No.11.) Plaintiff was specifically forewarned, that failure to evidence that service by publication was effectuated would result in the dismissal without prejudice of the instant claim. Finally, plaintiff was provided a term to comply with the Court's order and was further forewarned that any requests for extensions of time would be summarily denied. Within the term provided by the Court, plaintiff filed a motion in compliance with the Court's order. Plaintiff's motion averred that service by publication was performed on March 26, 2005, and that copy of the complaint and the service by publication had been mailed to defendants' last known address. However, the Court noted that plaintiff had **partially** complied with the Court's order because it had failed to evidence copy of the publication in a local newspaper. Plaintiff was provided a second opportunity to fully comply with the Court's clearly communicated order however, plaintiff had failed to evidence publication in a local newspaper. (Docket No. 13). Notwithstanding plaintiff's non-compliance, the Court granted a final term to evidence publication. (Docket No. 14). Plaintiff once again has not taken advantage of yet another chance to evidence that service by publication was in fact performed. The record is devoid of any reaction from plaintiff. Therefore, for the reasons stated herein, the Court hereby **DISMISSES** plaintiffs' claims against the defendants **WITHOUT PREJUDICE**.

### FACTUAL LANDSCAPE

On July 12, 2004, plaintiff filed the instant complaint seeking remedies for violations to the American with Disabilities Act (ADA). Plaintiff averred that the defendant discriminated against him due to his disability (blindness) and his refusal to provide reasonable accommodation to plaintiff in order for him to perform the tasks assigned to him. Finally, plaintiff sustains that he was fired and another person was subsequently hired to perform his prior duties. The Docket Sheet to the instant case reveals that besides the filing of the complaint, plaintiff's activities related exclusively to filing of motions requesting extensions of time to serve process and a motion requesting service by publication. The Court granted the plaintiff's motion for publication on February 8, 2005, summons for publication were issued the following day and no further activity is shown until the Court issued the Order to Show Cause and plaintiff partially complied. Notwithstanding, plaintiff' motion in

compliance averred that service by publication was effectuated, the record is devoid of any evidence showing that process had been in fact published.

## LEGAL ANALYSIS

"[I]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991)(citations omitted). Those inherent powers to sanction parties for litigation abuses include the power to "act *sua sponte* to dismiss a suit for failure to prosecute." Id., at 44.[1]  This rule has its basis on the principle that "[a]ttorneys represent clients, and as a general rule an attorney's blunder binds her client."  *See* Link v. Wabash R. Co., 370 U.S. 626, 633-36, 82 S.Ct. 1386, 1390-92 (1962); Thibeault v. Square D Co., 960 F.2d 239, 246 (1st Cir.1992).

In the case at bar, plaintiffs have failed to comply with the Court's order and additionally have failed to evidence that process was served by publication. The Court finds this is inexcusable. Plaintiffs must be reminded that "[p]rejudice to the court is inherent in needless delays and postponements." Chuang Invs. v. Eagle Inns, Inc., 81 F.3d 13, 14 (1st Cir. 1996). Consequently, this Court holds that **plaintiffs' failure to respond to the order issued signals lack of interest and, buttresses the Court's conclusion that dismissal of this case albeit without prejudice is appropriate**.

The Court finds plaintiffs have, as a matter of fact, tried to box twelve rounds in the rough ring of civil litigation, without ever responding to the referee's admonishments and second chances, assuming perhaps that the Court will forgive them and consequentially "throw in the towel" for them every time. The Court, however, has no "obligation to play nursemaid to indifferent parties." Pinto v. Universidad de Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990).  **Plaintiffs have knocked themselves out** albeit without prejudice by failing to comply with the Court's order.  The Court finds that not only have they failed to be **reasonably** diligent, they have **not been diligent at all**. Therefore, dismissal is firmly founded in this case in view of plaintiffs' disregard of the Local Rules and its inexcusable behavior failing to show interest in prosecuting her claims.

Furthermore, the record shows that plaintiff's activity in the instant matter has been sparingly, in other words, plaintiff has dragged its feet prosecuting the instant claim. Besides filing the complaint on July 2004, (Docket No. 1) and filing the two motions requesting extensions of time to serve process (Docket No. 4 and 6) and the motion requesting service by publication (Docket No. 8) there is no further activity initiated by plaintiff.  **Therefore, it has been over one (1) year since plaintiffs filed its case, filed the motions requesting extensions of time and service by publication until the Court issued the Order to Show Cause which plaintiffs has failed to fully comply.  Therefore, besides the three motions filed by instant plaintiff and the motion in compliance with the Order to Show Cause, there is no other activity revealing any interest of**

---

[1] "[D]ismissal either for failure to comply with discovery orders or lack of prosecution is a matter within the discretion of the district court and the claim of abuse of discretion [the court emphasizes] has not received a sympathetic ear from [the First Circuit]." Damiani v. Rhode Island Hospital, 704 F.2d 12, 17 (1st Cir. 1983).

**plaintiff vindicating its claims.**

It is well known that the Court cannot sit idly waiting for plaintiff to litigate its case at its pleasure. Plaintiffs have shown a pattern of noncompliance with this Court's order in addition to show a lack of diligence prosecuting its claims. *See*, Damiani v. Rhode Island Hospital, 704 F.2d at 15-16. In sum, Plaintiff has shown a lack of interest vindicating whatever rights they may have. Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 713 (1st Cir. 1977).

Plaintiffs' complaint should be dismissed for its obvious failure to comply with the Court's order and for its failure to comply with Rule 4(m), Fed.R.Civ.P. Rule 4(m) of the FEDERAL RULES OF CIVIL PROCEDURE provides, *inter alia,* that the Court "upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice ..." "The effective administration of justice requires that trial court possess the capability to manage their own affairs." Chamorro v. Puerto Rican Cars, 304 F.3d 1, 6 (1st Cir., 2002) *citing* Chambers v. NASCO, Inc., 501 U.S. at 43. "[T]he inherent power of trial courts to dismiss cases for want of prosecution or disregard of judicial orders is reinforced and augmented by Rule 41(b)." Chamorro v. Puerto Rican Cars, 304 F.3d at 4.

The Court has showed considerable patience in this case and has provided warnings and a second chance which plaintiff has inexplicably disdained. Simply expressed, there is no reasonable excuse for plaintiff's failure to comply with the Court's order and evidence compliance with the rules of practice. Finally, notwithstanding the leniency showed by the Court (that is a second chance to comply), plaintiff has failed to react. There is no other sanction available for plaintiff's own inactivity and its lack of interest in vindicating her rights. "In the instant case there is no other lesser sanctions available and appropriate." Estate of Solis-Rivera v. United States, 993 F.2d at 2.

Therefore, for the reasons stated herein, the Court hereby **DISMISSES** all claims against all Defendants **WITHOUT PREJUDICE**. **Judgment shall be issued accordingly. THIS CASE IS CLOSED FOR ALL STATISTICAL PURPOSES.**

    **IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 19th day of August 2005.

                                                          **S/DANIEL R. DOMINGUEZ**
                                                          **DANIEL R. DOMINGUEZ**
                                                          **U.S. DISTRICT JUDGE**